UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO.:

ALBERTO GERARDO MORENO,

                Plaintiff,

v.

AN LUXURY IMPORTS OF
COCONUT CREEK, INC.
D/B/A AUTONATION MERCEDES BENZ,
a Foreign Corporation, and
CLIFF BEVERLY, indivdually,

                Defendants.

_____/

## NOTICE OF REMOVAL

      Defendants, AN Luxury Imports of Coconut Creek, Inc., d/b/a AutoNation Mercedes Benz, a Foreign corporation, and Cliff Beverly, individually (hereinafter referred to as "Defendants"), pursuant to 28 U.S.C. § 1441, respectfully remove this case to the United States District Court for the Southern District of Florida.  The grounds for removal are as follows:

      1.      On June 26, 2017, a civil action was filed against Defendants in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, entitled Alberto Gerardo Moreno v. AN Luxury Imports of Coconut Creek, Inc., d/b/a AutoNation Mercedes Benz, a Foreign Corporation, and Cliff Beverly, individually, Case No. CACE-17-012437.  Defendants were served with the Complaint on July 3, 2017 and July 5, 2017, respectively.  Defendants moved for an enlargement of time to respond to the Complaint on July 24, 2017.  Other than the

filing of the Complaint and Motion for Enlargement of Time, no other proceedings have transpired in this matter.

2.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process and pleadings served upon Defendants are attached hereto as **Exhibit A.**

3.     This Notice of Removal is filed within thirty (30) days after receipt through service by Defendants of a copy of the initial pleading setting forth a claim for relief and is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

4.     This Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, and this case can be removed to this Court pursuant to 28 U.S.C. § 1441 in that it is a civil action containing a federal question cause of action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

5.     Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's other claims because they are so related to the claim in the action within such original jurisdiction that they form part of the same cause or controversy.

6.     Defendants state that a true and correct copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, promptly after the filing of this Notice of Removal, as required by 28 U.S.C. §1446(d), and is being served upon Plaintiff's counsel of record.  A copy of the State Court Notice of Filing Notice of Removal is attached as **Exhibit B.**

7.     Because this Court has original jurisdiction over this action and the Defendants have satisfied the procedural requirements for removal, removal of this action to the United States District Court for the Southern District of Florida is proper.

**WHEREFORE**, Defendants pray that the above-described action pending in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, be removed therefrom to this Court.

Date:  August 1, 2017

Respectfully submitted,

By:     /s/ Cathy M. Stutin
        **Cathy M. Stutin, Esq.**
        Florida Bar No.: 0865011
        cstutin@fisherphillips.com
        450 East Las Olas Boulevard, Suite 800
        Ft. Lauderdale, FL 33301
        Telephone: (954) 525-4800
        Facsimile:  (954) 525-8739

        *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on **August 1, 2017** I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day to all counsel of record identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF and/or via U.S. Mail.

By:     */s/ Cathy M. Stutin* _____
**Cathy M. Stutin, Esq.**
Florida Bar No.: 0865011
cstutin@fisherphillips.com
450 East Las Olas Boulevard, Suite 800
Ft. Lauderdale, FL 33301
Telephone: (954) 525-4800
Facsimile: (954) 525-8739

*Attorneys for Defendants*

<u>**SERVICE LIST**</u>
**Alberto Gerardo Moreno v. AN Luxury Imports of Coconut Creek, Inc., et al.**
**Case No.:**

Peter M. Hoogerwoerd, Esq.
pmh@rgpattorneys.com
Remer & Georges-Pierrce, PLLC
44 West Flagler Street
Suite 2200
Miami, Florida  33130
Telephone:  (305) 416-5000
Facsimile:  (305) 416-5005
*Attorneys for Plaintiff*

Case Number: CACE-17-012437 Division: 14

Filing # 58265500 E-Filed 06/26/2017 04:05:10 PM

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

ALBERTO GERARDO MORENO,

     Plaintiff,

vs.

Case No.

DATE _7/5/17_  TIME _11:31 AM_

INITIALS _____  ID # _278_

AN LUXURY IMPORTS OF
COCONUT CREEK, INC.
D/B/A AUTO NATION MERCEDES BENZ,
a Foreign Corporation, and
CLIFF BEVERLEY, individually,

     Defendants.

_____/

## SUMMONS IN A CIVIL CASE

**TO:** CLIFF BEVERLEY, individually,

4250 N. State Road 7
Coconut Creek, FL, 33073

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

Peter M. Hoogerwoerd, Esq.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK _____        JUN 30 2017

(BY) DEPUTY _____

BRENDA D. FORMAN

**EXHIBIT**

A

Filing # 58265500 E-Filed 06/26/2017 04:05:10 PM

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

ALBERTO GERARDO MORENO,

      Plaintiff,

vs.                                  Case No.

AN LUXURY IMPORTS OF
COCONUT CREEK, INC.
D/B/A AUTO NATION MERCEDES BENZ,
a Foreign Corporation, and
CLIFF BEVERLEY, individually,

      Defendants.

_____/

## COMPLAINT

Plaintiff, ALBERTO GERARDO MORENO ("Plaintiff"), by and through the undersigned counsel, hereby sue Defendants, AN LUXURY IMPORTS OF COCONUT CREEK, INC. D/B/A AUTO NATION MERCEDES BENZ and CLIFF BEVERLEY ("Defendant(s)"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for breach of agreement, and unpaid wages and retaliation under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Broward County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, AN LUXURY IMPORTS OF COCONUT CREEK, INC. D/B/A AUTO NATION MERCEDES BENZ, is a Florida Profit Corporation having its main place of business in Broward County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, CLIFF BEVERLEY, is a General Manager of, and exercised operational control over the activities of, corporate Defendant, AN LUXURY IMPORTS OF COCONUT CREEK, INC. D/B/A AUTO NATION MERCEDES BENZ.

6. Venue is proper in Broward County because all of the actions that form the basis of this Complaint occurred within Broward County and payment was due in Broward County.

7. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff performed work for Defendants as a non-exempt employee from on or about 2007 to on or about April 26, 2017.

10. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

11. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week. At all times material hereto, Defendants were on notice of and/or had full knowledge

of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given work week.

12. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) per week, as proscribed by the laws of the United States and the State of Florida.

13. Additionally, throughout Plaintiff's employment, he was paid at a rate below the minimum applicable hourly wage rate as set forth under state and federal law.

14. Throughout Plaintiff's employment, Plaintiff regularly and repeatedly complained and/or objected the Defendants' failure to properly pay overtime wages.

15. On or about April 26, 2017, Defendants terminated Plaintiff in retaliation for engaging the protected activity described above.

## COUNT I
### *Breach of Agreement Against AN LUXURY IMPORTS OF COCONUT CREEK, INC. D/B/A AUTO NATION MERCEDES BENZ*

16. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

17. Defendant breached its agreement with Plaintiff by failing to pay the amount due to Plaintiff for services provided and performed under their agreement, and by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

18. Plaintiff suffered damages as a result of Defendants' breach of said agreement.

WHEREFORE, Plaintiff seeks damages from Defendants for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT II
### *Quantum Meruit Against AN LUXURY IMPORTS OF COCONUT CREEK, INC. D/B/A AUTO NATION MERCEDES BENZ*

19.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

20.     Plaintiff has conferred a benefit onto Defendants by performing and providing services for Defendant.

21.     Defendants have knowledge of the services performed and provided and the benefit provided by Plaintiff.

22.     Defendants accepted Plaintiff's services to Defendants.

23.     Defendants retain an inequitable benefit from Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

24.     Plaintiff seeks damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendants.

WHEREFORE, Plaintiff seeks a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendants, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT III
### *Unjust Enrichment Against AN LUXURY IMPORTS OF COCONUT CREEK, INC. D/B/A AUTO NATION MERCEDES BENZ*

25.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

26.     Plaintiff has conferred a benefit upon Defendants for services performed and provided to Defendants.

27.     Defendants have knowledge of the services performed and provided by Plaintiff.

28.    Defendants voluntarily accepted the services performed and provided by Plaintiff.

29.    Defendants unjustly benefit from the services performed and provided by Plaintiff by not
       properly paying Plaintiff for all hours worked in violation of the laws of the United States
       and the State of Florida.

30.    Plaintiff seeks damages for the value of the work performed to Defendants.

       WHEREFORE, Plaintiff seeks a judgment for unjust enrichment against Defendants,
interest and costs, and other damages deemed just by this Honorable Court.

**COUNT IV**
*Wage & Hour Federal Statutory Violation Against*
***AN LUXURY IMPORTS OF COCONUT CREEK, INC. D/B/A AUTO NATION MERCEDES
BENZ***

31.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15
       of this complaint as if set out in full herein.

32.    This action is brought by Plaintiff to recover from Defendants unpaid overtime and
       minimum wage compensation, as well as an additional amount as liquidated damages,
       costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and
       specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, " No
       employer shall employ any of his employees... for a work week longer than 40 hours unless
       such employee receives compensation for his employment in excess of the hours above-
       specified at a rate not less than one and a half times the regular rate at which he is
       employed."

33.    Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

34.    At all times pertinent to this Complaint, Defendant operated as an organization which sells
       and/or markets its services and/or goods to customers from throughout the United States
       and also provides its services for goods sold and transported from across state lines of other

states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

35.   Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

36.   By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  Defendant's business activities involve those to which the Fair Labor Standards Act applies.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

37.   Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

38.   At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

39.   Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's

employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

40.    Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime and minimum wage compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT V**</u>
*Wage & Hour Federal Statutory Violation Against CLIFF BEVERLEY*

41.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

42.    At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, AN LUXURY IMPORTS OF COCONUT CREEK, INC. D/B/A AUTO NATION MERCEDES BENZ

43.    Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly

in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

44.   Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

45.   Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

WHEREFORE, Plaintiffs respectfully prays for the following relief against Defendant:

A.   Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.   Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C.   Award Plaintiff an equal amount in double damages/liquidated damages; and

D.   Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
### FLSA Retaliation Violation Against AN LUXURY IMPORTS OF COCONUT CREEK, INC. D/B/A AUTO NATION MERCEDES BENZ

46.   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

47.   29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint

or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

48.    Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

49.    The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

50.    The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.    Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.    Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C.    Enter judgment against the Defendant for all front wages until Plaintiffs become 65 years of age; and

D.    Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E.    Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F.    Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated June 26, 2017

Respectfully submitted,

/s/ Peter Michael Hoogerwoerd, Esq.
**PETER MICHAEL HOOGERWOERD**
Florida Bar No.: 188239
pmh@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

Case Number: CACE-17-012437 Division: 14

Filing # 58265500 E-Filed 06/26/2017 04:05:10 PM

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

ALBERTO GERARDO MORENO,

     Plaintiff,

vs.                              Case No.

AN LUXURY IMPORTS OF
COCONUT CREEK, INC.
D/B/A AUTO NATION MERCEDES BENZ,
a Foreign Corporation, and
CLIFF BEVERLEY, individually,

     Defendants.

_____/

### SUMMONS IN A CIVIL CASE

**TO:** AN LUXURY IMPORTS OF COCONUT CREEK, INC. through its Registered Agent:

     ALISON E BETHEL,
     200 SW 1ST AVENUE, 14TH FLOOR
     FORT LAUDERDALE, FL 33301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

     PETER MICHAEL HOOGERWOERD, ESQ..
     REMER & GEORGES-PIERRE, PLLC.
     44 WEST FLAGLER STREET
     SUITE 2200
     MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK                           JUN 30 2017

(BY) DEP

BRENDA D. FORMAN

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 6/26/2017 4:05:08 PM.****

Filing # 58265500 E-Filed 06/26/2017 04:05:10 PM

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

ALBERTO GERARDO MORENO,

     Plaintiff,

vs.                               Case No.

AN LUXURY IMPORTS OF
COCONUT CREEK, INC.
D/B/A AUTO NATION MERCEDES BENZ,
a Foreign Corporation, and
CLIFF BEVERLEY, individually,

     Defendants.

_____/

## COMPLAINT

    Plaintiff, ALBERTO GERARDO MORENO ("Plaintiff"), by and through the undersigned

counsel, hereby sue Defendants, AN LUXURY IMPORTS OF COCONUT CREEK, INC. D/B/A

AUTO NATION MERCEDES BENZ and CLIFF BEVERLEY ("Defendant(s)"), and in support

avers as follows:

### GENERAL ALLEGATIONS

1.    This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees

or costs for breach of agreement, and unpaid wages and retaliation under the Fair Labor

Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2.    This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3.    Plaintiff was at all times relevant to this action, and continues to be, a resident of Broward

County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered

employee for purposes of the FLSA.

4.    Defendant, AN LUXURY IMPORTS OF COCONUT CREEK, INC. D/B/A AUTO NATION MERCEDES BENZ, is a Florida Profit Corporation having its main place of business in Broward County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5.    Defendant, CLIFF BEVERLEY, is a General Manager of, and exercised operational control over the activities of, corporate Defendant, AN LUXURY IMPORTS OF COCONUT CREEK, INC. D/B/A AUTO NATION MERCEDES BENZ.

6.    Venue is proper in Broward County because all of the actions that form the basis of this Complaint occurred within Broward County and payment was due in Broward County.

7.    Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8.    All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9.    Plaintiff performed work for Defendants as a non-exempt employee from on or about 2007 to on or about April 26, 2017.

10.   At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

11.   Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week. At all times material hereto, Defendants were on notice of and/or had full knowledge

of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given work week.

12.   Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) per week, as proscribed by the laws of the United States and the State of Florida.

13.   Additionally, throughout Plaintiff's employment, he was paid at a rate below the minimum applicable hourly wage rate as set forth under state and federal law.

14.   Throughout Plaintiff's employment, Plaintiff regularly and repeatedly complained and/or objected the Defendants' failure to properly pay overtime wages.

15.   On or about April 26, 2017, Defendants terminated Plaintiff in retaliation for engaging the protected activity described above.

## COUNT I
### *Breach of Agreement Against AN LUXURY IMPORTS OF COCONUT CREEK, INC. D/B/A AUTO NATION MERCEDES BENZ*

16.   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

17.   Defendant breached its agreement with Plaintiff by failing to pay the amount due to Plaintiff for services provided and performed under their agreement, and by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

18.   Plaintiff suffered damages as a result of Defendants' breach of said agreement.

WHEREFORE, Plaintiff seeks damages from Defendants for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT II
### *Quantum Meruit Against AN LUXURY IMPORTS OF COCONUT CREEK, INC. D/B/A AUTO NATION MERCEDES BENZ*

19.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

20.  Plaintiff has conferred a benefit onto Defendants by performing and providing services for Defendant.

21.  Defendants have knowledge of the services performed and provided and the benefit provided by Plaintiff.

22.  Defendants accepted Plaintiff's services to Defendants.

23.  Defendants retain an inequitable benefit from Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

24.  Plaintiff seeks damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendants.

WHEREFORE, Plaintiff seeks a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendants, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT III
### *Unjust Enrichment Against AN LUXURY IMPORTS OF COCONUT CREEK, INC. D/B/A AUTO NATION MERCEDES BENZ*

25.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

26.  Plaintiff has conferred a benefit upon Defendants for services performed and provided to Defendants.

27.  Defendants have knowledge of the services performed and provided by Plaintiff.

28. Defendants voluntarily accepted the services performed and provided by Plaintiff.

29. Defendants unjustly benefit from the services performed and provided by Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

30. Plaintiff seeks damages for the value of the work performed to Defendants.

WHEREFORE, Plaintiff seeks a judgment for unjust enrichment against Defendants, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT IV
### *Wage & Hour Federal Statutory Violation Against*
### *AN LUXURY IMPORTS OF COCONUT CREEK, INC. D/B/A AUTO NATION MERCEDES BENZ*

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

32. This action is brought by Plaintiff to recover from Defendants unpaid overtime and minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

33. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

34. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other

states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

35. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

36. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

37. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

38. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

39. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's

employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

40. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE,** Plaintiffs respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime and minimum wage compensation for hours worked in excess of forty (40) weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### *Wage & Hour Federal Statutory Violation Against CLIFF BEVERLEY*

41. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

42. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, AN LUXURY IMPORTS OF COCONUT CREEK, INC. D/B/A AUTO NATION MERCEDES BENZ

43. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly

in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

44.   Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

45.   Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

    A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

    D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
### *FLSA Retaliation Violation Against AN LUXURY IMPORTS OF COCONUT CREEK, INC. D/B/A AUTO NATION MERCEDES BENZ*

46.   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

47.   29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint

or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

48. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

49. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

50. The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiffs become 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated June 26, 2017

Respectfully submitted,

/s/ Peter Michael Hoogerwoerd, Esq.
**PETER MICHAEL HOOGERWOERD**
Florida Bar No.: 188239
pmh@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.:  CACE 17-012437

ALBERTO GERARDO MORENO,

       Plaintiff,

v.


AN LUXURY IMPORTS OF
COCONUT CREEK, INC.
D/B/A AUTONATION MERCEDES BENZ,
a Foreign Corporation, and
CLIFF BEVERLY, indivdually,

       Defendants.

_____/

## NOTICE OF FILING NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT Defendants, AN Luxury Imports of Coconut Creek, Inc., d/b/a AutoNation Mercedes Benz, a Foreign Corporation, and Cliff Beverly, individually, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, have removed the above-styled action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida to the United States District Court for the Southern District of Florida.

Attached hereto as Exhibit "A" is a copy of the Notice of Removal which has been filed in the United States District Court for the Southern District of Florida.



EXHIBIT

B

Date: August 1, 2017                    Respectfully submitted,


By:___*s/Cathy M. Stutin*_____
            Cathy M. Stutin, Esquire
            Fla. Bar No. 865011
            cstutin@fisherphillips.com
            FISHER & PHILLIPS, LLP
            450 East Las Olas Boulevard
            Suite 800
            Fort Lauderdale, Florida 33301
            Telephone: (954) 525-4800
            Facsimile: (954) 525-8739

            *Attorneys for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on **August 1, 2017**, I electronically filed the foregoing document with the

Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day to all

counsel of record identified on the attached service list in the manner specified, either via transmission of

Notices of Electronic Filing generated by CM/ECF and/or via U.S. Mail.

Peter M. Hoogerwoerd, Esq.
pmh@rgpattorneys.com
Remer & Georges-Pierrce, PLLC
44 West Flagler Street
Suite 2200
Miami, Florida  33130
Telephone:  (305) 416-5000
Facsimile:  (305) 416-5005
*Attorneys for Plaintiff*

/s/ *Cathy M. Stutin*
Cathy M. Stutin, Esq.

3